IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VINCENT ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-709-WKW |
| ) | [WO] |
| OFFICE OF THE DISTRICT ATTORNEY ) | |
| AUTAUGA COUNTY, ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Vincent Ellison, a frequent federal litigant confined in the Autauga Metro Jail since July 5, 2017 awaiting trial on six counts of possession of a forged instrument, initiated this cause of action on August 2, 2018.[1] After reviewing the complaint and finding deficiencies with this pleading, the court determined that Ellison should be provided an opportunity to file an amended complaint to correct the deficiencies. The court therefore issued an order providing Ellison with instructions for filing an amended complaint and cautioned him that the failure to file an amended complaint in response to the order would result in a recommendation that his case be dismissed. Doc. 5 at 3–4. Ellison failed to file an amended complaint within the time permitted by this order.

---

[1] The court takes judicial notice of the case action summary for Ellison's pending criminal cases as maintained on the Alabama Trial Court System, hosted at www.alacourt.com. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of a state's online judicial system). The state-court record establishes that a grand jury sitting within Autauga County returned an indictment on March 17, 2017 charging Ellison with six counts of possession of a forged instrument. On July 5, 2017, a law enforcement official from Autauga County arrested Ellison on these charges and placed him in the Autauga Metro Jail.

Based on this failure, the court issued an order requiring "that on or before September 24, 2018 the plaintiff . . . (i) [s]how cause why he has failed to file an amended complaint in compliance with the directives of the order entered on August 17, 2018 (Doc. 5), and (ii) if he so chooses, file the requisite amended complaint." Doc. 6. The court again advised Ellison "that if he fails to file an amended complaint as directed by this court the undersigned will issue a Recommendation that this case be dismissed for such failure." Doc. 6.  As of the present date, Ellison has failed to file an amended complaint in compliance with the directives of the orders entered in this case.

In light of Ellison's failure to file the requisite amended complaint, the court finds that this case should be dismissed without prejudice. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to the complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31.  "The sanctions imposed [upon dilatory

litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **November 16, 2018** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of November, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE